SHORTESS, Judge,
dissenting.
The majority makes a drastic change in the coverage afforded by an excess insurance policy by ignoring the mandate of Louisiana Civil Code article 2050 to interpret contract provisions in the context of the contract as a whole.[1] The majority acknowledges that “[a]ll of the provisions of the policy denote Interstate as an excess insurer that will pay after the underlying limits are used or exhausted ...,” except the final sentence of the “Limits of Liability” paragraph, which the majority finds ambiguous.
There is no ambiguity in that sentence if it is read in context. The interpretation given by the majority, that Interstate must pay both the primary and excess limits if there is a judgment in excess of the primary limits, is unreasonable in light of the first two sentences in the “Limits of Liability” paragraph, which Provide: “OUR policy is an excess policy over the PRIMARY INSURANCE. OUR obligation does not extend beyond the limits shown in the DECLARATIONS.”
Louisiana Civil Code article 2045 provides that “[¡Interpretation of a contract is the determination of the common intent of the parties.” No insured could reasonably expect or intend to receive more than the contractually agreed upon amount of coverage when purchasing an excess insurance policy, and no insurer could reasonably expect to provide more. Under the majority’s interpretation, an insured who contracts for $100,000.00 excess coverage over a $100,000.00 primary policy would receive $200,000.00 coverage from the excess insurer if the primary insurer was unable to pay. This could not possibly be the common intent of the parties.
Furthermore, the majority’s interpretation will create an anomaly which no reasonable person could have intended in drafting a contract. Suppose plaintiff had a $10,000.00 Champion primary policy and a $10,000.00 Interstate excess policy. If the plaintiff’s total judgment was $9,999.99, Interstate would owe nothing; LIGA would pay the judgment. But if the plaintiff’s total judgment was $10,000.00, LIGA would pay nothing and Interstate would pay the full $10,000.00. And if the plaintiff’s judgment were $20,000.00, Interstate would be cast for the entire amount. It is unreasonable to suggest that this was the intent of either plaintiff or Interstate when this insurance contract was entered into.
For these reasons, I respectfully dissent.

. Louisiana Civil Code article 2050 provides: Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.